**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4377**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

REY FRANCISCO HERNANDEZ-ALAVEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:19-cr-00317-FL-1)

Submitted: January 28, 2021                    Decided: February 16, 2021

Before NIEMEYER, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jorgelina E. Araneda, ARANEDA LAW FIRM, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Banumathi Rangarajan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rey Francisco Hernandez-Alavez pled guilty to illegal reentry of a removed alien, in violation of 8 U.S.C. § 1326(a), and unlawful possession of ammunition by an alien, in violation of 18 U.S.C. §§ 922(g)(5)(A), 924. The district court sentenced Hernandez-Alavez to 24 months' imprisonment. On appeal, Hernandez-Alavez argues that his sentence is unreasonable. We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020), *cert. denied*, No. 20-5825, 2020 WL 6385951 (U.S. Nov. 2, 2020). We first consider "whether the district court committed any procedural error, such as improperly calculating the [Sentencing] Guidelines range, failing to consider the [18 U.S.C.] § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* If we discern no significant procedural error, we then review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances" and giving "due deference to the [d]istrict [c]ourt's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence." *Gall v. United States*, 552 U.S. 38, 51, 59-60 (2007). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable," and that presumption "can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

On appeal, Hernandez-Alavez asserts that his within-Guidelines range sentence is unreasonable because the district court erred in denying his motion for a downward

departure or variance based on the COVID-19 pandemic's impact in prisons. Our review of the record confirms that the court properly calculated the Guidelines range, considered the § 3553(a) sentencing factors, thoroughly explained the sentence imposed, and acted within its authority in declining to depart downwardly. *See Louthian*, 756 F.3d at 306 (stating court's decision not to depart unreviewable unless court mistakenly believed it lacked authority to depart). Accordingly, we find that Hernandez-Alavez's sentence is procedurally reasonable.

Moreover, we conclude that the district court properly evaluated the relevant § 3553(a) factors, including the nature and circumstances of the offense, Hernandez-Alavez's history and characteristics, and the need for deterrence, and appropriately balanced these factors against Hernandez-Alavez's mitigating arguments in imposing a sentence within the Guidelines range. Therefore, Hernandez-Alavez has failed to rebut the presumption of substantive reasonableness accorded his within-Guidelines range sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*